IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABBY SMITH , # 19516 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-856-JPG |
| | ) | |
| MIKE HARE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Abby Smith is currently detained at Madison County Jail, in the Southern District of Illinois. She filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Hare, Madison County Deputy Sheriff on July 30, 2012 for incidents occurring two weeks prior. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Upon review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

1

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Proceeding thus, the Court notes that the Plaintiff has, on the face of her pleadings, made it evident that she has failed to exhaust her grievances in this matter. Plaintiff's complaints, which range from being denied a vitamin to having an officer cause her to cry, began around July 16, 2012, according to her pleadings. At some point, she wrote two letters to a captain at the jail. Within less than two weeks, having no response, she had filed this federal lawsuit.

Plaintiff may not pursue her § 1983 claims in federal court until after she has exhausted her available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted her available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

**Disposition**

The entire action and **Defendant HARE will be dismissed without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of her allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED:   August 28, 2012**

                                            *s/J. Phil Gilbert*
                                            **United States District Judge**